UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD HERRELL,

      Petitioner,                            Criminal Case No. 97-80105-1
                                                              Civil Case No. 05-70741

vs.

                                                              HONORABLE BERNARD A. FRIEDMAN
                                                              HONORABLE STEVEN D. PEPE

UNITED STATES OF AMERICA,

      Respondent.

_____/

REPORT AND RECOMMENDATION

On February 25, 2005, Petitioner, proceeding *pro se*, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt # 126). The Government filed a response to this motion on April 4, 2005 (# 129). This motion has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, IT IS RECOMMENDED that Petitioner's motion be DENIED.

I.      FACTS AND PROCEDURAL BACKGROUND

On May 16, 1997, Petitioner was arrested and charged in a twelve count superseding indictment - six counts of bank robbery, three counts of aiding and abetting, two counts of using a firearm during a bank robbery, and one count of attempted bank robbery. Petitioner entered into a Rule 11 Plea Agreement with the government which allowed him to plead guilty to one count of bank robbery (U.S.C. § 2113 (A) and (D)) and one count of use of a firearm during a bank robbery (U.S.C. § 924 (C)(1)). He was sentenced on April 8, 1998, to 295 months (235

months for the bank robbery and a consecutive 60 months for the weapons violation), 3 years supervised release, restitution of $19,042, and a special assessment fee of $200.

On May 13, 1998, Petitioner filed a notice of appeal. On June 16, 1999, the Sixth Circuit affirmed the conviction. On October 18, 1999, the U.S. Supreme Court denied Petitioner's writ of certiorari. In his current motion, Petitioner argues illegal enhancements under *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

II.   ANALYSIS

    A.   Standard for Relief from Conviction and/or Sentence Under § 2255

In relevant part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

A prisoner may seek relief from a conviction and/or sentence under 28 U.S.C. § 2255 if the prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice. *See Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

    B.   Factual Analysis

The sentencing guideline range for bank robbery in this case was 188 months to 235 months based on Petitioner's status as a career offender. 18 U.S.C. § 924(c)(1) requires a five year consecutive sentence for the first conviction of a firearms charge. Petitioner argues that his base offense level ("BOL") of 26, when intersected with his criminal history category III, produced sentencing guidelines of 78 to 92 months for the robbery charge, plus the mandatory 60 months for the weapons charge, which would result in a sentence of 138 to 157 months. Petitioner claims that the sentencing Court unconstitutionally applied the career offender section of the guidelines to his sentence which increased his BOL to 29 and his criminal history category to XI and resulted in a sentencing range of 248 to 295 months. The Government argues that *Booker*, which governs *Blakely* claims, does not apply retroactively to cases already final on direct review.

        *1. finality of case*

28 U.S.C. § 2255 provides for a one year time limit for the filing of all petitions. This one year period runs from "(1) the date on which the judgment of conviction becomes final . . . or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". § 2255 (1) and (3). The conviction of a federal criminal defendant who petitions for writ of certiorari to the United States Supreme Court becomes final when the Court denies the petition for a writ of certiorari. *See, e.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321(1987); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *United States v. Johnson*, 457 U.S. 537, 542 (1982). For petitioner, that period expired on October 18, 2000, one year after his petition for writ of certiorari to the United States

Supreme Court was denied unless he can demonstrate a newly recognized right that is to be applied retroactively on collateral review. *Clay v. United States,* 537 U.S. 522, 527-528 (2003).

*2. retroactivity of Blakely and Booker to final judgments*

Petitioner argues that he received a sentencing enhancement which, in light of *Blakely* and *Booker*, unconstitutionally raised his sentence. *Booker* applied *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "any fact [other than a prior conviction] which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker* at 756. Because the Sixth Circuit has ruled that *Booker* is not retroactive to cases on post-conviction review, Petitioner's claims are unsupported. *Humpress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *Thelen v. United States*, 2005 U.S. App. LEXIS 5050 (6th Cir. Mich. Mar. 28, 2005); *Varnes v. United States*, 2005 U.S. Dist. LEXIS 4322 (N.D. Ohio Mar. 21, 2005).

III.     R<small>ECOMMENDATION</small>

Accordingly, I<small>T</small> I<small>S</small> R<small>ECOMMENDED</small> that Petitioner's motion to vacate, set aside, or correct his sentence be D<small>ENIED</small>. Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Ivey v. Wilson, 832 F.2d 950, 957-58 (6th Cir. 1987); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a

copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 11, 2005                                          s/Steven D. Pepe
Ann Arbor, MI                                                  United States Magistrate Judge


Certificate of Service

I hereby certify that on April 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Charles Holman, and I further certify that I mailed a copy to the following non-ECF participant: Gerald Herrell.

                                                               s/William J. Barkholz
                                                               Courtroom Deputy Clerk